Filed 2/3/16  P. v. de Comarmond  CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.111.5.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>CLIVE BADI DE COMARMOND,<br><br>      Defendant and Appellant. | 2d Crim. No. B264804<br>(Super. Ct. No. 1434057)<br>(Santa Barbara County) |

Clive Badi de Comarmond appeals from the judgment entered after he pled guilty to eight counts of lewd or lascivious act upon a child (Pen. Code, § 288, subds. (a) & (c)(1)),[1] seven counts of sexual penetration by foreign object (§ 289, subds. (i))- (j)), five counts of unlawful sexual intercourse (§ 261.5, subd. (d)), and one count of continuous sexual abuse of a minor (§ 288.5, subd. (a)).  Prior to sentencing, the trial court appointed new counsel and denied appellant's motion to withdraw the plea.  Appellant filed a motion to disqualify the trial judge (Code Civ. Proc., § 170.1) which was denied by a Ventura County Superior Court judge,

Pursuant to the written plea agreement, appellant was sentenced to 41 years state prison  and ordered to pay victim restitution, a $10,000 restitution fine (§ 1202.4, subd. (b)), a $10,000 parole revocation fine (§ 1202.45), a $1,230 fine (§ 290.3), a $630 Criminal Conviction Assessment Fee (Gov. Code, § 70373) and a $840 Court Security fee (§ 1465.8).

---

[1] All statutory references are to the Penal Code unless otherwise stated.

Appellant filed a notice of appeal.  We appointed counsel to represent appellant in this appeal.  After counsel's examination of the record, he filed an opening brief in which no issues were raised.

On October 28, 2015, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider.  On November 30, 2015, appellant submitted a letter brief stating, among other things, that the plea was involuntary, that an old head injury prevented appellant from understanding the terms of the plea, that appellant was denied effective assistance of trial counsel, that the prosecution was biased and spiteful, and that the trial court was prejudiced and had a conflict of interest.  None of these contentions are supported by the record.  (*Strickland v. Washington* (1984) 466 U.S. 668, 687 [80 L.Ed.2d 674, 693]; *People v. Bolin* (1998) 18 Cal.4th 297, 333; *People v. Peyton* (2014) 229 Cal.App.4th 1063, 1072-1075.)  Appellant has failed to establish a reasonable probability that, but for the alleged errors, appellant would not have pleaded guilty and would have obtained a more favorable result had he proceeded to trial.  (See e.g., *People v. Fairbank* (1997) 16 Cal.4th 1223, 1241-1242.)  The change of plea was based on the probation and police reports, and a preliminary hearing transcript  which reflects that appellant sexually molested five female victims, forced the victims to orally copulate him, engaged in sexual intercourse and sodomy, and digitally penetrated the victims.

We have reviewed the entire record and are satisfied that appellant's attorney has fully complied with his responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


                                        YEGAN, J.

We concur:


GILBERT, P.J.


PERREN, J.

2

John McGregor, Judge

Superior Court County of Santa Barbara

_____


California Appellate Project, under appointment by the Court of Appeal, Jonathan B. Steiner, Executive Director and Richard B. Lennon, Staff Attorney, for Appellant.

No appearance for Respondent.